In the Interest of T.V., A Child.

No. 10–99–129–CV.

Court of Appeals of Texas, Waco.

Dec. 29, 1999.

Kyle Davis, Bruce L. Erratt, Bryan, for appellant.

John C. Paschall, County and Dist. Atty., Franklin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**O R D E R**

PER CURIAM.

■ The court below terminated the parental rights of Sally Voisinet. It appears from the record that an attorney was appointed to represent the interests of Voisinet prior to the termination proceedings. The appointment of an attorney for indigent parents contesting the termination of their parental rights is mandatory. Tex. Fam.Code Ann. § 107.013 (Vernon Supp. 2000). Voisinet, through her appointed attorney, filed a notice of appeal with the trial court on March 9, 1999.

The Clerk's Record was filed with this Court on May 14, 1999. The Reporter's Record was filed on August 20, 1999. Voisinet's brief was due on September 19, 1999. *See* Tex.R.App. P. 38.6(a). Not receiving a brief or an extension of time to file a brief, we sent a letter to Voisinet's appointed attorney on September 28, 1999, informing him that he must file a brief within 10 days of the letter or the cause may be dismissed for want of prosecution. Those 10 days passed, and no brief or an extension to file a brief was filed. A more extensive review of the file revealed the appointment of counsel and other factors that caused us concern in this parental rights termination proceeding. So, on November 10, 1999, Voisinet's attorney was again notified by letter that no brief had been filed. He was informed that if no brief or motion for extension of time to file a brief was filed within 10 days of the date of the letter, this cause would be abated to the trial court to conduct a status hearing. To this date, Voisinet has not filed a brief or a request for an extension with this Court.

■ The termination of parental rights involves fundamental constitutional rights, and our constitution and statutes provide for one level of appeal as a matter of right in termination cases. *In the Interest of A.M.C.,* 2 S.W.3d 707, 710 (Tex. App.—Waco 1999, n.p.h.); *In the Interest of D.L.N.,* 958 S.W.2d 934, 942 (Tex.App.—Waco 1997, pet. denied) (Vance, J. concurring). The statute regarding appointment of counsel for indigent parents does not expressly provide for representation on appeal. *See* Tex. Fam.Code Ann. § 107.013 (Vernon Supp.2000). However, we believe the rights would not be adequately protected if an indigent parent, whose parental rights were in jeopardy of being terminated, was required to pursue an appeal without an attorney. Therefore, due to the nature of a termination hearing and the right of an indigent parent to have appointed counsel, we abate this cause to the trial court with instructions to hold a

hearing to determine (1) why no brief has been filed on Voisinet's behalf; (2) whether Voisinet desires to proceed with the appeal; and (3) whether Voisinet is indigent. *See* TEX. FAM.CODE ANN. § 107.013 (Vernon Supp.2000); *Cf.* TEX.R.APP. P. 38.8(b)(2). If Voisinet no longer wishes to pursue an appeal, she must present this Court with a request to dispose of the appeal pursuant to Rule 42.1(a). TEX.R.APP. P. 42.1(a).

If Voisinet is indigent, the trial court shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. *See* TEX. FAM.CODE ANN. § 107.013 (Vernon Supp. 2000); *Lassiter v. Dept. of Soc. Serv. of Durham County*, 452 U.S. 18, 101 S.Ct. 2153, 2160, 68 L.Ed.2d 640 (1981) (consideration must be given to the risk that a parent will be erroneously deprived of his or her child because the parent is not represented by counsel); *see also M.L.B. v. S.L.J.*, 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (equal protection requires the state to provide transcript in appeal of right to indigent parent whose parental rights were terminated). If Voisinet wishes to waive her right to counsel, a knowing and intelligent waiver of such right must appear on the record.

The trial court is ordered to forward a complete record of the hearing, with its findings of fact and conclusions of law, to the clerk of this court within 45 days of the date of this order. If Voisinet has not abandoned this appeal, the trial court shall inform her attorney that the brief is due within such time as the trial court determines is appropriate for the circumstances, but in no event more than 25 days after the hearing conducted by the trial court.