NO. 07-00-0183-CV

IN THE COURT OF APPEALS FOR THE 

SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 14, 2001

__________________________________

VERONICA BALLESTEROS AND ABEL REYNA, 

Appellants

v.

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, 

Appellees

__________________________________

FROM THE 106th JUDICIAL DISTRICT FOR GARZA COUNTY;

NO. 98-05-05411-CV; HON. GENE L. DULANEY, PRESIDING

__________________________________

Before Boyd, C.J., and Quinn and Johnson, JJ.

Veronica Ballesteros and Abel Reyna appeal from an order terminating their parental rights.  Through two points of error, they contend that the trial court erred in failing to appoint them legal counsel, in omitting to orally state the statutory grounds upon which termination was warranted, and in basing its decision on an improper standard of proof.  We overrule each point and affirm.

Point One

As previously mentioned, Ballesteros and Reyna initially argue that the trial court erred in failing to appoint them counsel.  Statute requires the appointment of counsel to an “indigent” parent who responds in opposition to a suit seeking the termination of the parent-child relationship.  
Tex. Fam. Code Ann
.
 § 107.013(a)(1) (Vernon Supp. 2001); 
In re T.V.
, 8 S.W.3d 448, 449 (Tex. App.–Waco 1999, no pet.).  Though Ballesteros and Reyna opposed termination of their parental rights neither proved that they were indigent, and, therefore, entitled to appointed counsel.  Indeed, both represent in their appellate brief that “there is no indication in the record that [they] were in fact indigent.”  Furthermore, at trial, Ballesteros informed the court that she had monies with which to hire counsel.  Given this and the statutory requirement that counsel be appointed to those who are indigent, the trial court did not err in omitting to appoint either an attorney.  

 
Point Two 

Through point two, Ballesteros and Reyna assert that the trial court erred in terminating their parental rights 1) without orally specifying the grounds upon which termination was based and 2) after applying the wrong standard of proof.  
See 
Tex. Fam. Code Ann.
 §161.001 (Vernon Supp. 2001) (stating that the court must find by clear and convincing evidence the existence of a specified statutory ground before terminating the parent-child relationship).  The record discloses that the trial judge did not specify any particular statutory ground warranting termination when he orally announced his decision at the end of trial.  So too does it disclose that he stated in open court that his decision was based upon a “preponderance of the evidence.”  However, the written findings of fact and conclusions of law subsequently issued by the trial judge not only specified the statutory grounds for his decision but also stated that the existence of those grounds was established by clear and convincing evidence.  The latter findings being written, they control over anything said or unsaid at trial.  
Maeberry v. Gayle
, 955 S.W.2d 875, 878 n.3 (Tex. App.–Corpus Christi 1997, no pet.).  Thus, we cannot say that the trial court either applied a wrong standard of proof or failed to base its decision on the existence of a statutory ground for termination.

Accordingly, we affirm.

Brian Quinn

    Justice

Do not publish.