In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00077-CR


______________________________




BOBBY RAY FOREMAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 248th Judicial District Court


Harris County, Texas


Trial Court No. 878198




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Bobby Ray Foreman has filed an appeal from his conviction on his plea of guilty, pursuant
to a plea agreement, for the offense of possession with intent to deliver a controlled substance. The
court assessed his punishment at thirty-five years' imprisonment. Foreman was represented by
appointed counsel at trial and by different appointed counsel on appeal.

 Counsel filed a brief on June 27, 2002, under the mandate of Anders v. California, 386 U.S.
738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has accordingly
also filed a motion to withdraw. 

 Counsel sent Foreman a copy of the brief and a letter outlining in detail his position that there
were no arguable contentions of error and informing Foreman of his right to review the record and
file a pro se brief. On our receipt of the brief and supporting letter, we informed Foreman by letter
that any pro se brief must be filed on or before July 29, 2002. We have received no communication
from Foreman since that time.

 Counsel has filed a brief which discusses the record and reviews the proceedings, providing
a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds
to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.]
1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel also
reviewed the representation by appointed counsel at trial as reflected by the record and has concluded
the record does not suggest trial counsel was ineffective. Counsel concluded from his review of the
record that there is no arguable point of error to support the appeal. 

 We have reviewed the record in light of counsel's brief. We agree with counsel that there are
no arguable points of error in this case.

 We affirm the judgment of the trial court.



 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 5, 2002

Date Decided: September 19, 2002


Do not publish



ate final hearing was set, . . . ." Clark's request for
appointment of an attorney to represent him, however, was not granted until approximately
two weeks before the first setting of the final hearing. 

 Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon 2002) requires a trial court to appoint
an attorney ad litem to represent the interest of an indigent parent who responds in
opposition to a suit in which termination of the parent-child relationship is requested. Such
appointment is mandatory. In re T.V., 8 S.W.3d 448, 449 (Tex. App.-Waco 1999, no pet.). 
This provision is in obvious recognition of the inability of most-if not all-indigent parents
to defend against such a serious matter as the termination of parental rights without the
assistance of counsel. To obtain such assistance, all the statute requires of an indigent
parent is to respond in opposition to the suit. 

 After being served with notice of suit to terminate his parental rights, Clark promptly
filed a single document in which he responded in opposition to the suit, requested the
appointment of an attorney ad litem, and requested that he be bench warranted from
prison to attend the termination hearing. The record does not reflect that he purported to
represent himself in any other way in these proceedings. He expressly testified at one of
the hearings as to his need for an attorney. It is reasonable to assume that Clark, as a
nonlawyer, was not aware of Rule 216 and that most people in Clark's situation would have
thought that such a fundamental right as trial by jury would be automatic. 

 Obviously, Clark's counsel never had an opportunity to comply with Rule 216. He
filed a request for jury trial on behalf of his client at his first opportunity, but this was well
within thirty days before the trial setting. In Bell Helicopter Textron, Inc. v. Abbott, 863
S.W.2d 139 (Tex. App.-Texarkana 1993, pet. denied), we held that, when compliance with
Rule 216 is made impossible by failure to give the notice required by Rule 245, a demand
for a jury trial made within thirty days of the trial setting will be deemed timely. Id. at 141. 
Here, compliance with Rule 216 was made impossible for Clark's court-appointed attorney
ad litem by the lateness of his appointment. Just as the thirty-day period required by Rule
216 had to be expanded in Bell Helicopter because of the failure to give the forty-five days'
notice required by Rule 245, so must it be expanded here because of the late appointment
of Clark's counsel. See In re V.R.W., 41 S.W.3d 183, 195 (Tex. App.-Houston [14th Dist.]
2001, no pet.). We hold that the request for a jury trial made by Clark's counsel was timely. 
To hold otherwise has the potential of opening the door to repeated denial of a jury trial to
countless other indigent parents who appear in the various courts throughout this State in
opposition to the termination of their parental rights.

 Appellee also contends that any error in the denial of Clark's right to a jury trial was
harmless because no material issues of fact existed and an instructed verdict would have
been justified. None of the cases cited by appellee, however, were termination cases
involving the best interests of children. In addition to finding by clear and convincing
evidence one of the acts enumerated in Section 161.001 of the Family Code, a court order
to terminate parental rights must also find that termination is in the best interest of the
child. Tex. Fam. Code Ann. § 161.001(1), (2) (Vernon 2002). Clark testified extensively at
the final hearing and repeatedly denied that termination of his parental rights would be in
the best interests of his children. This testimony was sufficient to defeat any motion for an
instructed verdict.

 Rights that inure in the parent-child relationship are of constitutional dimensions. 
Stanley v. Illinois, 405 U.S. 645 (1972); In re G.M., 596 S.W.2d 846, 846 (Tex. 1980); In
re N.K., 54 S.W.3d 499, 502-03 (Tex. App.-Texarkana 2001), vacated & remanded without
reference to the merits, 89 S.W.3d 29 (Tex. 2002). Because the involuntary termination
of parental rights is complete, final, and irrevocable, trial court proceedings ordering
termination must be strictly scrutinized. N.K., 54 S.W.3d at 503. Likewise, as we stated
in Bell Helicopter, the right to a jury trial as guaranteed by our Constitution is one of our
most precious rights and the denial of that right is a very serious matter. "Restrictions
placed on the right to a jury trial will be subjected to the utmost scrutiny." Bell Helicopter
Textron, Inc., 863 S.W.2d at 141. Applying such scrutiny to the facts of this case, Clark
should not have been deprived of those constitutional rights "that inure in the parent-child
relationship" without the benefit of his constitutional right to a jury trial. 

 The judgment is reversed and the case remanded to the trial court for a jury trial.



 Donald R. Ross

 Justice


Date Submitted: April 30, 2003

Date Decided: June 13, 2003