NO. 07-03-0124-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 30, 2003

_____

IN THE INTEREST OF A.N., J.A.N., E.S.N. AND F.A.N., CHILDREN

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-515,625; HON. SAM MEDINA, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Pending before us is a "Motion to Appoint Attorney *Ad Litem* to Assist on Appeal." The motion was filed by Jennifer L. Hancock, who was allegedly appointed to represent Susanna Narvais (Narvais) in a proceeding to terminate Narvais' parental rights *viz* her three children. Hancock requests that attorney Donald M. Hunt be appointed to act in her stead while the cause pends on appeal.

Generally, a litigant is not entitled to appointed counsel in a civil case. However, when the suit involves the termination of the parent/child relationship, as it supposedly does here, statute mandates that an indigent parent be appointed counsel. TEX. FAM.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

CODE ANN. §107.013(a) (Vernon 2002). Though the statute says nothing of appointed counsel on appeal, it has been construed to also encompass that proceeding. *In re T.V.*, 8 S.W.3d 448, 449 (Tex. App.–Waco 1999, no pet.). But, again, the parent must be indigent, and we have no evidence before us illustrating that Narvais falls within that category.[2]

Consequently, we abate this appeal and remand the cause to the 237th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal; and,

2.  whether appellant is indigent and entitled to appointed counsel on appeal.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and is entitled to appointed counsel on appeal, we further direct it to appoint counsel to Narvais capable of effectively representing and prosecuting her contentions on appeal. The trial court may exercise its discretion by appointing Donald M. Hunt, as requested by Hancock. The name, address, phone number, telefax number, and state bar number of the counsel appointed to represent Narvais, if any, must also be

---

[2]We have of record no affidavit of indigence filed pursuant to Texas Rule of Appellate Procedure 20.1(a). And, assuming an affidavit of indigence was filed below to secure appointed counsel for trial, that does not fill the void. *See Holt v. F.F. Enterprises*, 990 S.W.2d 756, 757-58 (Tex. App.--Amarillo 1998, pet. denied) (requiring a new or current affidavit of indigence to accompany the notice of appeal).

included in the trial court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the reporter's record and supplemental clerk's record to be filed with the clerk of this court on or before May 20, 2003. Should additional time be needed to perform these tasks, the trial court may request same on or before May 20, 2003.

It is so ordered.

Per Curiam