# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00656-CV

**Frances Boyd, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
### NO. 2003-0606, HONORABLE RONALD G. CARR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee the Texas Department of Family and Protective Services has filed a motion to dismiss the appeal or, in the alternative, to abate the appeal for determinations of indigence and grounds for appeal. We overrule the motion to dismiss and grant the motion to abate the appeal.

The trial court signed its final order terminating appellant's rights to her son on October 19, 2004. In the order, the trial court hand-wrote a provision discharging appellant's appointed counsel. Appellant filed her notice of appeal on November 18, more than twenty days after the order was signed but within the fifteen-day window for obtaining an extension of time to file a notice of appeal.[1] This Court did not receive appellant's notice of appeal until October 5, 2005,

---

[1] An appeal from a termination order is accelerated, and the notice of appeal must be filed within twenty days of the signing of the order. *See* Tex. Fam. Code Ann. § 263.405(a) (West Supp. 2005); Tex. R. App. P. 26.1(b). Although appellant did not file a motion for an extension of time to file her notice of appeal, we may consider her notice of appeal as an implied motion. *See Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003).

when it was sent to this Court as part of the clerk's record. Appellant has informed this Court that she was not aware until December 8 that correspondence related to her appeal was continuing to be sent to her trial counsel.[2] Appellant has made it clear that she wishes to proceed with her appeal.

The record does not reflect that appellant filed in the trial court a statement of the points on which she intends to appeal, an affidavit of indigence, or a motion for new trial. *See* Tex. Fam. Code Ann. § 263.405(b) (West Supp. 2005) (governing appeals from termination orders). However, neither does the record show that the trial court appointed an attorney to represent appellant on appeal[3] or held a hearing to determine whether appellant was indigent or whether the appeal was frivolous. *See id*. § 263.405(d), (e).

We therefore overrule the Department's motion to dismiss and grant its motion to abate the appeal. We abate the cause to the trial court with instructions to hold a hearing to determine whether appellant is indigent and in need of appointed counsel, as well as other required determinations under the family code. *See id*. §§ 107.013, 263.405 (West Supp. 2005).

---

[2] Appellant has filed a letter with this Court, stating that she has been trying to find an attorney to represent her on appeal. She further states that she was not informed of the preliminary statutory requirements for an appeal by the trial court or by her attorney when he withdrew and that documents associated with her appeal continued to be sent to trial counsel for some time after she filed her notice of appeal. She states that she is attempting to become familiar with the family code and appellate rules so that she may properly prosecute her appeal.

[3] In a suit such as this one, an indigent parent has the right to appointed counsel. Tex. Fam. Code Ann. § 107.013 (West Supp. 2005). Although the statute governing appointed counsel does not expressly provide for appellate counsel, we agree with the Waco court of appeals that an indigent parent's "rights would not be adequately protected if [she], whose parental rights were in jeopardy of being terminated, was required to pursue an appeal without an attorney." *In re T.V.*, 8 S.W.3d 448, 449-50 (Tex. App.—Waco 1999, orig. proceeding).

2

The trial court is ordered to forward a record of the hearing, including any findings of fact and conclusions of law, to this Court within 60 days of the date of this order. If appellant is entitled to and desires appointed counsel, the trial court shall make that appointment and inform her attorney that the brief is due within such time as the trial court determines is appropriate for the circumstances, but no later than 25 days after the trial court's hearing.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: January 25, 2006

3