# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00239-CV

**Lori Carpenter, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 211,683-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On August 30, 2006, this Court notified counsel for Lori Carpenter that the brief in this case was overdue. To date, we have received no response. Because this is a termination case with appointed counsel, we will abate the appeal and remand for a status hearing. *See In re T.V.*, 8 S.W.3d 448, 450 (Tex. App.—Waco 1990, no pet.) (remanding for status hearing); *see also Latham v. Department of Family & Protective Servs.*, 177 S.W.3d 341, 346 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (looking to court of criminal appeals for guidance in dealing with indigent representation in termination cases); Tex. R. App. P. 38.8(b) (setting procedure for handling appointed counsel's failure to file brief in criminal cases).

The record in this case reflects a finding that Carpenter is indigent and shows the appointment of counsel to represent Carpenter at trial. Although there is no separate appointment in the record for the appeal, the appellate documents were all signed by trial counsel, and we have

not been notified of any other counsel of record. *See Latham*, 177 S.W.3d at 346 (no evidence that counsel ever withdrew after trial). Due to the nature of a termination proceeding and the right of an indigent parent to have appointed counsel, we abate this case and remand to the trial court with instructions to hold a hearing to determine whether Carpenter desires to proceed with the appeal and why no brief has been filed. *See T.V.*, 8 S.W.3d at 450.

If Carpenter no longer wishes to pursue this appeal, she must file a motion asking to dismiss her appeal. *See* Tex. R. App. P. 42.1(a). Having found Carpenter indigent, the trial court should take such measures as necessary to assure effective representation of counsel, which may include the appointment of new counsel. *Latham*, 177 S.W.3d at 346-47 (if trial counsel no longer represents indigent person who is entitled to representation, then upon request, the trial court should conduct an inquiry and promptly appoint appellate counsel). If Carpenter wishes to waive her right to counsel, a knowing and intelligent waiver of such right must appear on the record. Any other matters affecting the status of this appeal should be made a part of the record.[1]

The trial court should forward a complete record of the hearing within sixty days of the date of this opinion. If Carpenter has not abandoned her appeal or waived her right to counsel, the court should direct Carpenter's counsel to file a brief within such time as the trial court deems appropriate for the circumstances, but not later than thirty days from the date of the hearing. We abate the appeal for ninety days from the date of this opinion.

---

[1] For example, if counsel is having difficulty contacting her client, the record should reflect that problem.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed:   October 19, 2006