TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00239-CV






Lori Carpenter, Appellant



v.



Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 211,683-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 



 



M E M O R A N D U M O P I N I O N



 On August 30, 2006, this Court notified counsel for Lori Carpenter that the brief in
this case was overdue. To date, we have received no response. Because this is a termination case
with appointed counsel, we will abate the appeal and remand for a status hearing. See In re T.V.,
8 S.W.3d 448, 450 (Tex. App.--Waco 1990, no pet.) (remanding for status hearing); see also
Latham v. Department of Family & Protective Servs., 177 S.W.3d 341, 346 (Tex. App.--Houston
[1st Dist.] 2005, no pet.) (looking to court of criminal appeals for guidance in dealing with indigent
representation in termination cases); Tex. R. App. P. 38.8(b) (setting procedure for handling
appointed counsel's failure to file brief in criminal cases).

 The record in this case reflects a finding that Carpenter is indigent and shows the
appointment of counsel to represent Carpenter at trial. Although there is no separate appointment
in the record for the appeal, the appellate documents were all signed by trial counsel, and we have
not been notified of any other counsel of record. See Latham, 177 S.W.3d at 346 (no evidence that
counsel ever withdrew after trial). Due to the nature of a termination proceeding and the right of an
indigent parent to have appointed counsel, we abate this case and remand to the trial court with
instructions to hold a hearing to determine whether Carpenter desires to proceed with the appeal and
why no brief has been filed. See T.V., 8 S.W.3d at 450. 

 If Carpenter no longer wishes to pursue this appeal, she must file a motion asking to
dismiss her appeal. See Tex. R. App. P. 42.1(a). Having found Carpenter indigent, the trial court
should take such measures as necessary to assure effective representation of counsel, which may
include the appointment of new counsel. Latham, 177 S.W.3d at 346-47 (if trial counsel no longer
represents indigent person who is entitled to representation, then upon request, the trial court should
conduct an inquiry and promptly appoint appellate counsel). If Carpenter wishes to waive her right
to counsel, a knowing and intelligent waiver of such right must appear on the record. Any other
matters affecting the status of this appeal should be made a part of the record. (1)

 The trial court should forward a complete record of the hearing within sixty days of
the date of this opinion. If Carpenter has not abandoned her appeal or waived her right to counsel,
the court should direct Carpenter's counsel to file a brief within such time as the trial court deems
appropriate for the circumstances, but not later than thirty days from the date of the hearing. We
abate the appeal for ninety days from the date of this opinion.




 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear


Filed: October 19, 2006
1. For example, if counsel is having difficulty contacting her client, the record should reflect that
problem.