NO. 07-08-0487-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2009
______________________________

IN THE INTEREST OF B.W.B., A CHILD
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B35481-0706; HONORABLE ED SELF, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          This is an accelerated appeal from an order terminating the parental rights of both
appellants to their child, B.W.B. Pending before us is a motion to withdraw filed by counsel
for B.W.B.’s mother. As grounds for the motion, counsel cites a conflict that has developed
that “interferes with continued representation in this matter.”
          By statute, an indigent parent defending a suit brought by the State and seeking
termination of the parent/child relationship is entitled to appointed counsel. Tex. Fam.
Code Ann. § 107.013(a) (Vernon 2009). This court and others have construed the statute
to include an entitlement to appointed counsel on appeal. In re T.V., 8 S.W.3d 448, 449
(Tex.App.–Waco 1999, no pet.); In re A.N., No. 07-03-0124-CV, 2003 WL 1987967
(Tex.App.–Amarillo April 30, 2003, pet. denied) (mem. op.). 
          We abate the appeal and remand the cause for the trial court’s disposition of
counsel’s motion to withdraw, and the appointment of new counsel if necessary. On
remand, the trial court is directed to take such actions as it finds necessary to determine:
          1.       whether appellant desires to prosecute the appeal; and
          2.       whether counsel’s motion to withdraw should be granted.
          The trial court’s ruling on counsel’s motion to withdraw shall be contained in a written
order, by which the court also shall appoint new counsel if the court grants the motion to
withdraw and finds that appellant desires to pursue the appeal. If new counsel is appointed,
the court’s order shall contain counsel’s name, address, telephone number, and state bar
number. The court’s order shall be included in a supplemental clerk’s record to be filed with
the Clerk of this Court.
          The trial court is directed to hold any hearings it deems necessary to comply with
this order. Any such hearings shall be recorded and a supplemental reporter’s record
containing these hearings shall be filed with the Clerk of this Court.
          The supplemental clerk’s record, and the supplemental reporter’s record, if any, shall
be filed on or before October 9, 2009.
          It is so ordered.
                                                                           Per Curiam



of the 100th District Court, failed to rule on motions relator filed in a pending civil
suit. 
          On our own motion, we first consider the proper parties to this proceeding. We take
judicial notice that Judge McCoy has been suspended for an indefinite period as presiding
judge of the 100th District Court by the State Commission on Judicial Conduct because of
his indictment for alleged felony offenses.


 We take further judicial notice that Senior
District Judge John T. Forbis has been appointed to preside over the 100th District Court.


 
          Rule 7 of the rules of appellate procedure pertains to the substitution of parties in
pending appeals and original proceedings. Tex. R. App. P. 7. In part, rule 7.2 provides
that during an original proceeding against a public officer in an official capacity, if the officer
ceases to hold office, the officer’s successor is automatically substituted as a party and
“the court must abate the proceeding to allow the successor to reconsider the original
party's decision.” Tex. R. App. P. 7.2(a), (b); see In re Whitfield, 134 S.W.3d 314, 315
(Tex.App.–Waco 2003, orig. proceeding). 
           Here, the duration of Judge McCoy’s suspension is indefinite. Thus, we consider
whether an indefinite suspension from office and ceasing to hold office are sufficiently
synonymous for application of Rule 7.2 to the facts presented. Mandamus relief can be
granted in a proper case to enforce a trial court’s duty to perform the ministerial acts of
giving consideration to and ruling on motions properly filed and pending before it. In re
Christensen, 39 S.W.3d 250, 251 (Tex.App.–Amarillo 2000) (orig. proceeding); In re
Ramirez, 994 S.W.2d 682, 683 (Tex.App.–San Antonio 1998) (orig. proceeding). Here
relator asks us to order Judge McCoy to rule on pending motions. But this is not possible
since, under current circumstances, Judge Forbis and not Judge McCoy will preside over
relator’s case in the 100th District Court. The interests of the parties and judicial economy
in the trial court and this court are not served if we merely await a final determination of
Judge McCoy’s suspension. Under the unique facts at bar we find the purpose of Rule 7
is best served by substituting Judge Forbis as respondent and abating the case so that
relator may present his complaints to Judge Forbis. By ordering abatement of this
proceeding, we express no opinion concerning the form or merit of relator’s petition. 
          We, therefore, order the substitution of the Hon. John T. Forbis as respondent in
this original proceeding, see Tex. R. App. P. 7(a), and abate the proceeding for 60 days
from the date of this opinion. During the abatement, relator shall, by written pleading filed
with the clerk of the trial court, specifically identify (by name and date of filing) each motion
on which he seeks a ruling; request in a contemporaneously filed writing that the trial court
clerk present the pleading to Judge Forbis; obtain a ruling or documentation of the court’s
refusal to rule; and amend his petition and appendix in this court accordingly. 
          It is so ordered.
                                                                Per Curiam