# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00241-CV

**Keri Lynn Smith, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT NO. C-08-0251-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant filed her notice of appeal on April 28, 2010, and the clerk's record was filed on May 27. On May 25, we were informed that Rosemary Rose had been appointed to represent appellant on appeal. On June 28, we sent notice that the reporter's record was overdue, and on July 7, the court reporter informed us that she had not been contacted to prepare the record, nor had payment arrangements been made. On July 19, we sent Rose notice that the record was overdue, requiring that appellant to make arrangements to pay for the record or otherwise respond to our inquiry by July 29. We also informed Rose that if we did not receive a response by that date, we would consider the appeal without the reporter's record and that the brief would be due August 9. On August 31, after the record was not filed and appellant did not respond to our notice, we sent Rose notice that her brief was overdue, requiring a response by September 10, and cautioning that failure to respond would result in our referring the matter to the trial court for a hearing pursuant to

rule 38.8(b) of the rules of appellate procedure. *See* Tex. R. App. P. 38.8(b) (providing that if counsel for criminal appellant fails to file brief, appellate court should order trial court to conduct hearing on whether appellant wishes to prosecute appeal, is indigent, or has abandoned appeal); *In re T.V.*, 8 S.W.3d 448, 449-50 (Tex. App.—Waco 1999, order) (holding that to adequately protect indigent parent's rights in termination case, court should abate appeal to allow trial court to hold hearing to determine issues raised in Tex. R. App. P. 38.8(b)). To date, Rose has not responded to our inquiries.

We therefore abate the cause and remand it to the trial court, which is instructed to hold a hearing to determine why no brief has been filed, whether appellant still wishes to appeal, and whether appellant is indigent. *See T.V.*, 8 S.W.3d at 449-50. If appellant has not abandoned her appeal, the trial court should remove Rose as appellate counsel and appoint a new attorney to represent appellant's interests. The trial court is instructed to arrange for a complete record of the hearing, along with findings of fact and conclusions of law, to be forwarded to this Court within 45 days of the date of this opinion.

_____

David Puryear,  Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Abated

Filed:   October 26, 2010

2