TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00241-CV






Keri Lynn Smith, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-08-0251-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING





O R D E RPER CURIAM

 Appellant filed her notice of appeal on April 28, 2010, and the clerk's record
was filed on May 27. On May 25, we were informed that Rosemary Rose had been appointed to
represent appellant on appeal. On June 28, we sent notice that the reporter's record was overdue,
and on July 7, the court reporter informed us that she had not been contacted to prepare the record,
nor had payment arrangements been made. On July 19, we sent Rose notice that the record was
overdue, requiring appellant to make arrangements to pay for the record or otherwise respond to
our inquiry by July 29. We also informed Rose that if we did not receive a response by that date, we
would consider the appeal without the reporter's record and that the brief would be due August 9.
On August 31, after the record was not filed and appellant did not respond to our notice, we sent
Rose notice that her brief was overdue, requiring a response by September 10.

 On October 26, after Rose again failed to respond to our inquiries, we abated
the cause to the trial court with instructions to hold a hearing to determine why no brief has been
filed, whether appellant still wishes to appeal, and whether appellant is indigent. See Tex. R. App.
P. 38.8(b) (providing that if counsel for criminal appellant fails to file brief, appellate court should
order trial court to conduct hearing on whether appellant wishes to prosecute appeal, is indigent, or
has abandoned appeal); In re T.V., 8 S.W.3d 448, 449-50 (Tex. App.--Waco 1999, order) (holding
that to adequately protect indigent parent's rights in termination case, court should abate appeal
to allow trial court to hold hearing to determine issues raised in Tex. R. App. P. 38.8(b)). Although
we instructed the trial court to remove Rose and appoint new appellate counsel, the trial court instead
allowed Rose to continue to represent appellant and issued an order providing that appellant's brief
was due on January 15, 2011. On January 12, Rose filed a motion for extension of time to file the
brief, stating that the court reporter was preparing the record from the frivolousness hearing and
asking that the deadline be extended to March 1.

 It is ordered that Rosemary Rose shall appear in person before this Court on
February 9, 2011, at 1:30 p.m., in the courtroom of this Court, located in the Price Daniel, Sr.
Building, 209 West 14th Street, City of Austin, Travis County, Texas, for a hearing on her
motion for extension of time and to explain the delay in requesting the record from the
frivolousness hearing.

 Ordered on January 25, 2011.


Before Justices Puryear, Pemberton and Rose