

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00016-CV

_____

IN THE INTEREST OF S.S., A CHILD

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 37,692

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

The trial court terminated the parental rights of Appellant Father to his minor child, S.S. Father, through his appointed attorney,[1] filed a notice of accelerated appeal on February 27, 2015. The clerk's record was filed with this Court on February 27, 2015. The reporter's record was filed March 31, 2015, making Father's brief due April 20, 2015. *See* TEX. R. APP. P. 38.6(a). Having received neither Father's brief nor a motion to extend the deadline for filing that brief, our clerk's office contacted appointed counsel via email and voicemail, advising that Father's brief was late and that a motion for extension of time in which to file such brief had not been filed. Counsel did not respond to these messages, did not file a brief, and did not file a motion for extension of time in which to file the brief.

Consequently, this Court issued an order on April 28, 2015, setting the final deadline for filing appellant's brief as May 11, 2015. Counsel was informed that if Father's brief was not filed by the deadline provided, this appeal was subject to dismissal for want of prosecution. To date, we have received neither Father's brief nor an extension of time in which to file the brief.

"The termination of parental rights involves fundamental constitutional rights, and our constitution and statutes provide for one level of appeal as a matter of right in termination cases." *In re T.V.*, 8 S.W.3d 448, 449 (Tex. App.—Waco 1999, order) (per curiam). Section 107.013(a) of the Texas Family Code provides that in a parental-rights termination case, the trial court must appoint an attorney ad litem to represent the interests of each indigent parent who responds in

---

[1]The appointment of counsel to represent the interests of an indigent parent contesting the termination of his parental rights in a suit filed by a governmental entity is mandatory. *See* TEX. FAM. CODE ANN. § 107.013 (West 2014).

opposition to the termination. *See* TEX. FAM. CODE ANN. § 107.013(a)(1). This protection extends to and includes representation on appeal. *T.V.*, 8 S.W.3d at 449–50; *see also In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam); *In re K.S.M.*, 61 S.W.3d 632, 633 (Tex. App.—Tyler 2001, no pet.) ("Like indigent criminal appellants, indigent appellants challenging an order terminating their parental rights enjoy a right to counsel on appeal."); *In re A.R.*, No. 06-00-00156-CV, 2001 WL 1143208, at *3 (Tex. App.—Texarkana Sept. 28, 2001, no pet.) (not designated for publication).

Therefore, due to the nature of a termination hearing and the right of an indigent parent to have appointed counsel on appeal, we abate this case to the trial court for a hearing to determine why counsel has not filed a brief, whether the brief can be promptly filed with the Court, whether Father desires to prosecute this appeal, and whether Father remains indigent. *See* TEX. FAM. CODE ANN. § 107.013; *cf.* TEX. R. APP. P. 38.8(b)(2). The trial court may also address other matters as it deems appropriate, including appointing different counsel for Father, if necessary. *See* TEX. FAM. CODE ANN. § 107.013. If Father wishes to waive his right to counsel, a knowing and intelligent waiver of such right must appear on the record. If Father has not abandoned his appeal, the trial court shall inform counsel for Father that the brief is due within twenty-one days after the hearing conducted by the trial court.

The hearing is to be conducted within ten days of the date of this order. The trial court's findings and recommendations on the issues set forth above shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within five days of

the date of the hearing.  The reporter's record of the hearing shall also be filed with this Court in the form of a supplemental reporter's record within five days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of (1) the appellant's brief or (2) the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date:   May 13, 2015

4