

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00194-CV
_____

IN THE INTEREST OF J.F. II, A CHILD

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2017-527,563; Honorable Edward Lee Self, Presiding

September 15, 2020

## ORDER OF ABATEMENT AND REMAND

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, B.T., appeals the trial court's order terminating her parental rights to her son, J.F. II, in a suit brought by Appellee, Texas Department of Family and Protective Services.[1] We remand the cause to the trial court for further proceedings.

B.T.'s appointed trial counsel filed a notice of appeal on her behalf. The appellate record has been filed and B.T.'s brief was originally due August 24, 2020. By letter of August 27, 2020, we notified B.T.'s counsel that the brief was overdue and admonished

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019); TEX. R. APP. P. 9.8(b).

him that failure to file a brief by September 8 would result in the cause being remanded to the trial court for further proceedings. B.T. has not filed a brief to date. Instead, on September 4, 2020, her trial counsel filed *Appellant's Motion for Extension of Deadline to Render Opinion on Notice of Appeal,* seeking the appointment of appellate counsel to represent B.T. on appeal.

Indigent parents have a statutory right to counsel in parental-rights termination cases brought by the Department. TEX. FAM. CODE ANN. § 107.013(a)(1) (West 2019). This right includes the right to effective counsel through the exhaustion of the appeal. *See* TEX. FAM. CODE ANN. § 107.016(3) (West 2019); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding that the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel). Effective assistance of counsel on appeal cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).

Accordingly, we grant B.T.'s motion, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(a)(2); *In re T.V.*, 8 S.W.3d 448, 449-50 (Tex. App.—Waco 1999, order) (per curiam) (remanding termination appeal for appointment of new counsel where appellant's counsel failed to file an appellate brief). Due to the time-sensitive nature of an appeal from a parental-rights termination order, the trial court shall utilize whatever means necessary upon remand to appoint appellate counsel to represent B.T. on appeal. *See* TEX. R. JUD. ADMIN. 6.2(a). The name, address, e-mail address, telephone number, and State Bar number of newly appointed counsel shall be provided in an order of the trial court. A supplemental clerk's record containing

the order shall be filed with the clerk of this court on or before September 28, 2020.  B.T.'s brief shall be due twenty days after the date new counsel is appointed.

It is so ordered.

Per Curiam