

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00026-CV

---

## IN THE INTEREST OF P.F., A CHILD

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 94,715-E-FM, Honorable Carry Baker, Associate Judge Presiding

---

April 7, 2022

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, J.B., appeals from the trial court's order terminating her parental rights to her child, P.F., in a suit brought by Appellee, the Department of Family and Protective Services.[1] We remand the cause to the trial court for further proceedings.

J.B.'s appellate brief was originally due March 14, 2022. By letter of March 18, 2022, we notified J.B.'s appointed counsel, Mike Watkins, that the brief was overdue and admonished him that failure to file a brief by March 28 would result in the appeal being

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

abated and the cause remanded to the trial court for further proceedings. Watkins has not filed a brief or had any further communication with this Court to date.

Indigent persons have a statutory right to counsel in parental-rights termination cases brought by the Department. TEX. FAM. CODE ANN. § 107.013(a)(1). That right includes the right to effective counsel through the exhaustion of the appeal. *See* TEX. FAM. CODE ANN. § 107.016(2)(B) (requiring appointed counsel to serve until all appeals in relation to any final order terminating parental rights are exhausted or waived); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding that the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel). Effective assistance of counsel on appeal cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(a)(2); *In re T.V.*, 8 S.W.3d 448, 449-50 (Tex. App.—Waco 1999, order) (per curiam) (remanding termination appeal for appointment of new counsel where appellant's counsel failed to file an appellate brief). Upon remand, due to the time-sensitive nature of an appeal from a parental termination order, the trial court shall utilize whatever means necessary to immediately appoint new counsel to represent J.B. in this appeal. *See* TEX. R. JUD. ADMIN. 6.2(a). The name, address, email address, telephone number, and state bar number of appointed counsel shall be provided in an order of the trial court. A supplemental clerk's record containing the order shall be filed with the Clerk of this Court on or before April 21, 2022. Newly appointed counsel shall file J.B.'s brief twenty days after the date of appointment.

2

Should Watkins file a brief with this Court on or before April 14, 2022, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam