

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-22-00156-CV

_____

IN THE INTEREST OF H.G., A CHILD

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2019-536,090, Honorable William C. Sowder, Presiding

July 18, 2022

ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, D.D., appeals from the trial court's order terminating his parental rights to H.G., a child, in a suit brought by Appellee, the Texas Department of Family and Protective Services.[1]  We remand the cause to the trial court for further proceedings.

D.D.'s appellate brief was originally due June 21, 2022.  By letter of June 24, 2022, we notified D.D.'s appointed counsel, Terri Morgeson, that the brief was overdue and admonished her that failure to file a brief by July 5 would result in the appeal being abated

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

and the cause remanded to the trial court for further proceedings. On Friday, July 8, Morgeson filed a motion asking us to extend the deadline for filing the brief until the next Wednesday, July 13. We took no action on the motion during the three business days while awaiting the Appellant's brief. However, on July 13, the brief was not filed and Morgeson has initiated no further contact with the Court.

Indigent persons have a statutory right to counsel in parental-rights termination cases brought by the Department. TEX. FAM. CODE ANN. § 107.013(a)(1). That right includes the right to effective counsel through the exhaustion of the appeal. *See* TEX. FAM. CODE ANN. § 107.016(2)(B) (requiring appointed counsel to serve until all appeals in relation to any final order terminating parental rights are exhausted or waived); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding that the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel). Effective assistance of counsel on appeal cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(a)(2); *In re T.V.*, 8 S.W.3d 448, 449–50 (Tex. App.—Waco 1999, order) (per curiam) (remanding termination appeal for appointment of new counsel where appellant's counsel failed to file an appellate brief). Upon remand, due to the time-sensitive nature of an appeal from a parental termination order, the trial court shall utilize whatever means necessary to appoint new counsel to represent D.D. in this appeal. *See* TEX. R. JUD. ADMIN. 6.2(a). The name, address, email address, telephone number, and state bar number of newly-appointed counsel shall be provided in an order of the trial court. A supplemental clerk's record containing the order

2

shall be filed with the Clerk of this Court on or before July 25, 2022. Newly appointed counsel shall file D.D.'s brief twenty days after the date of appointment.

Morgeson's motion requesting an extension of time for filing D.D.'s brief until July 13, 2022, is dismissed as moot.

Should Morgeson file a brief with this Court on or before July 21, 2022, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam