

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00440-CV

IN THE INTEREST OF K.Q. AND K.O., CHILDREN

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 82392-L2, Honorable Dan L. Schaap, Sitting by Assignment

April 18, 2024

## ORDER OF ABATMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellants, M.Q. and T.O., appeal from the trial court's order terminating their parental rights to their children, K.Q. and K.O., in a suit brought by Appellee, the Department of Family and Protective Services.[1] We remand the cause to the trial court for further proceedings.

Appellants' briefs were originally due March 18, 2024. M.Q. has filed a brief, but we granted T.O.'s counsel, Stacy Grant, an extension to April 8, 2024, to file a brief. In our letter, we admonished counsel that failure to file a brief by this deadline could result

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

in the appeal being abated and the cause remanded to the trial court for further proceedings. However, T.O. has not filed a brief to date. On April 16, 2024, counsel filed an additional motion for extension requesting leave to file a brief that day. No brief was filed.

Indigent persons have a statutory right to counsel in parental-rights termination cases brought by the Department. TEX. FAM. CODE ANN. § 107.013(a)(1). That right includes the right to effective counsel through the exhaustion of the appeal. *See* TEX. FAM. CODE ANN. § 107.016(2)(B) (requiring appointed counsel to serve until all appeals in relation to any final order terminating parental rights are exhausted or waived); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding that the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel). Effective assistance of counsel on appeal cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).

Accordingly, we deny T.O.'s motion for extension, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(a)(2); *In re T.V.*, 8 S.W.3d 448, 449-50 (Tex. App.—Waco 1999, order) (per curiam) (remanding termination appeal for appointment of new counsel where appellant's counsel failed to file an appellate brief). Upon remand, due to the time-sensitive nature of an appeal from a parental termination order, the trial court shall utilize whatever means necessary to appoint new counsel to represent T.O. in this appeal. *See* TEX. R. JUD. ADMIN. 6.2(a). The name, address, e-mail address, telephone number, and state bar number of appointed counsel shall be provided in an order of the trial court. A supplemental clerk's record containing the order shall be filed with the Clerk of this Court on or before April 29,

2

2024.  Newly appointed counsel shall file T.O.'s brief twenty days after the date of appointment.  No extensions will be granted.

Should Ms. Grant file a brief with this Court on or before April 25, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam