Joseph GUILLORY, Appellant,

v.

The STATE of Texas, Appellee.

No. 56318.

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

Jim D. Vollers, State's Attorney, Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted by a jury for indecency with a child, a violation of V.T.C.A., Penal Code, Section 21.11. The punishment, enhanced by prior conviction for rape under V.T.C.A., Penal Code, Section 12.42(a), was assessed by the jury at imprisonment for seven (7) years.

The record is before us without a transcription of the court reporter's notes. No brief was filed in the trial court in appellant's behalf, and none has been filed here. For the reasons to be stated below, we have concluded that the appeal must be abated.

The record reflects that appellant was sentenced and gave notice of appeal on February 20, 1976. On February 23, 1976, he executed two affidavits of indigency. In the first, he swore that he was "too poor to employ counsel." In response to that affidavit, the trial court appointed attorney Katharine Halsey to represent appellant on appeal. In the second affidavit, appellant swore that he was "without funds, property or income; that because of his poverty he (was) unable to pay for a transcription of the evidence which is necessary to be filed with the Court of Criminal Appeals of the State of Texas." In this affidavit, he requested the Court to "direct the Court Reporter to prepare a Statement of Facts as provided by law, in question and answer form." In response to this affidavit, the trial court entered an order which stated that "after hearing testimony on the above application, . . . and it appearing that the defendant is entitled to the relief prayed for, it is ORDERED that the Court Reporter of the Court prepare a Statement of Facts in question and answer form of the testimony in said cause."

Although Art. 40.09(3), Vernon's Ann.C.C.P. provides that a "transcription [of the court reporter's notes] applicable to any proceeding occurring before or within a period of ninety days after notice of appeal shall be filed with the clerk for inclusion in the record not later than the end of such period," no such transcription was filed within that 90 day period. Prior to May 25, 1977, Art. 40.09(3) also provided:

"The times herein provided for filing transcription of the notes of the reporter may be extended by the court for good cause shown, and the court shall have the power, in term time or vacation, on application for good cause to extend for as many times as deemed necessary the time for preparation and filing of the transcription, and the approval of the record after the expiration of the time provided by law for its approval shall be sufficient proof that the time for filing the transcription was properly extended, and the transcription so filed shall be construed as having been filed within the time required by law."

However, the record is silent as to whether either the court reporter or appellant's counsel applied for, or the trial court granted, any extensions of time for the preparation and filing of a transcription of the court reporter's notes prior to May 25, 1977.

Effective May 25, 1977, Art. 40.09(3), was amended. That amendment deleted the language immediately quoted above which gave the trial court the authority to grant extensions of time for filing a transcription of the court reporter's notes. Instead, Art. 40.09(16), Vernon's Ann.C.C.P., was added. Art. 40.09(16), effective May 25, 1977, provides:

"Extensions of time for meeting the limits prescribed by sections 3, 6, 9, and 10 of this Article for either the appellant or the State may be granted by the Court of Criminal Appeals or a judge of the Court for good cause shown on timely application to the Court of Criminal Appeals."

However, neither the court reporter nor appellant's counsel has sought an extension of time from this Court for preparation and filing of a transcription of the court reporter's notes, since May 25, 1977.

The clerk of the trial court prepared the record without a transcription of the court reporter's notes, and, after over 14 months had elapsed since the giving of notice of appeal, the clerk of the trial court sent

notice of completion of the record to appellant's counsel on June 6, 1977. On June 21, 1977, the 15th day following the mailing of notice of completion of the record, appellant's court-appointed counsel filed her timely objections to the record pursuant to Art. 40.09(7), Vernon's Ann.C.C.P. These objections stated that the record on appeal did not include a "statement of facts"; that the attorney had diligently tried to obtain the "statement of facts" from the court reporter, Mary Jane Pontzler, but had failed to obtain the same. Counsel then requested that the trial court issue notice ordering the court reporter to appear before the court and show cause why the court reporter had not "heretofore submitted the Statement of Facts in this cause." In response to counsel's objections, the record reflects an order signed by the trial judge and filed with the clerk on June 21, 1977. That order states, in pertinent part:

"On the _____ day of _____, 1977, came to be heard the Motion of Defendant, Joseph L. Guillory, by and through his attorney of record, Katharene I. Halsey, and after due consideration it is accordingly ORDERED, ADJUDGED AND DECREED that this Motion is hereby (granted) (denied). [sic].

"The show cause date is set for *1st* day of *JULY, 1977.*"

Ironically, two days later, on June 23, 1977, the trial court entered an order approving the record. That order recited that "no objections have been made by either party, and upon examination of the record, I find it correct and approve the record and order same to be filed by the clerk as the record in this cause." The record does not reflect what took place on July 1, 1977. Nor does it show what rulings, if any, the trial judge eventually made in response to counsel's objections to the record. In any event, the record was subsequently transmitted to this Court and was filed here on September 26, 1977.

Although it appears that appellant's counsel timely objected to the record under Art. 40.09(7), Vernon's Ann.C.C.P., it does not appear that the trial court followed that part of the statute which provides:

"If such objection [to the record] be made, or if the court fails to approve the record within five days after the expiration of such fifteen-day period, the court shall set the matter down for hearing, and, after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final. In its discretion, the court may require the attendance of the defendant at such hearing. *Such proceeding shall be included in the record, and the entire record approved by the court.*" [Emphasis supplied].

See *Chancelor v. State,* 508 S.W.2d 638 (Tex.Cr.App.1974).

■ As stated above, effective May 25, 1977, Art. 40.09(3), (6), (9) and (10) were amended, and new subdivision 40.09(16) was added. Since that date, it appears to be the view of some of the trial judges of this State that, when the times for filing matters under Art. 40.09(3), (6), (9) and (10) have expired, they no longer have authority to see to it that such items are filed. This belief is apparently held because new Art. 40.09(16) requires extensions of time to be sought from this Court and not the trial court, contrary to former practice. Because of this apparent belief, we point out that, the provisions of Art. 40.09(16) notwithstanding, the trial court still has a duty under the Texas and federal constitutions to provide an indigent defendant with an adequate record on appeal, *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Lane v. Brown,* 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); *Eskridge v. Washington,* 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); *Williams v. Oklahoma City,* 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969); *Mayer v. Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); *Curry v. State,* 488 S.W.2d 100 (Tex.Cr.App.1972); *Ex parte Mays,* 510 S.W.2d 606 (Tex.Cr.App.1974); *Cartwright v. State,* 527 S.W.2d 535 (Tex.

Cr.App.1975), and the effective assistance of counsel on appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Lopez v. State,* 486 S.W.2d 559 (Tex.Cr.App.1972); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr. App.1974); *Hawkins v. State,* 515 S.W.2d 275 (Tex.Cr.App.1974); *McMahon v. State,* 529 S.W.2d 771 (Tex.Cr.App.1975).

A court reporter is the employee of the trial court, and the trial court has ample authority to require such reporter to file a transcription of his notes in a timely fashion. If the court reporter neglects or refuses to do his duties, the trial court can order him to do so within a specified period of time. If the court reporter refuses to comply with the trial court's order, the court can issue another order requiring the court reporter to show cause as to why he should not be held in contempt. See Art. 1911a, Vernon's Ann.Civ.St. And, if all else fails, the trial court can, of course, dismiss the court reporter from his employment.

As has been stated above, the trial court also has the duty to provide an indigent defendant with the effective assistance of counsel on appeal. This assistance, however, cannot be afforded without requiring that counsel file a brief in an appellant's behalf. The trial judge has the authority to require appointed counsel to file a brief in appellant's behalf. *Luna v. State,* 527 S.W.2d 548 (Tex.Cr.App.1975). If a court-appointed attorney fails to file a brief within the time provided by Art. 40.09(9) and fails to request an extension of time from this Court under Art. 40.09(16), the trial court still has the authority to require appointed counsel to file a brief in an appellant's behalf. There are many ways for the trial court to exercise this authority. Upon learning that no brief has been filed in appellant's behalf under Art. 40.09(9), the trial court can issue an order commanding court-appointed counsel to file a brief within a specified period of time. If no brief is filed within that time, the trial court can issue another order requiring counsel to show cause as to why he should not be held in contempt. See Art. 1911a, supra. The trial court can also report counsel to the appropriate grievance committee for disciplinary action. In the alternative, the trial judge can relieve an appointed attorney who has not fulfilled his duties to his client and appoint an attorney who will act as an advocate to represent the indigent on appeal. The trial judge can also see to it that recalcitrant attorneys receive no further appointments to represent indigents in his court.

Since the trial court ordered the court reporter to prepare and file a transcription of her notes on February 23, 1976, the reporter has had over 18 months in which to comply with the trial court's order. However, so far as this record reflects, the court reporter has yet to file a transcription of her notes with the clerk of the trial court.

Therefore, it is ordered that the court reporter, Mary Jane Pontzler, shall prepare, complete, and file with the clerk of the trial court a transcription of her notes within 15 days after the delivery of this opinion. Failure to comply with this order is grounds for contempt proceedings in this Court under Art. 1911a, supra.

We set aside the trial judge's order of June 23, 1977, which approved the record in the instant cause, and remand the case to the trial court for further proceedings. Upon the filing of the transcription of the court reporter's notes with the clerk of the trial court, notice of completion of the record shall again be given to the parties pursuant to Art. 40.09(7). Further proceedings shall then be had in the trial court under the appropriate subdivisions of Art. 40.09, Vernon's Ann.C.C.P. No motion for rehearing will be entertained.

The appeal is abated.