**Tommy L. MAY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0393–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 3, 1982.

Rehearing Granted June 24, 1982.

Barry J. O'Keefe, Houston, for appellant.

flicting interests unless a full and prompt disclosure is made to them.

Larry Urquhart, Houston, for appellee.

Before DOYLE, DUGGAN and DYESS, JJ.

## OPINION

Abatement

PER CURIAM.

This is an appeal from a conviction for aggravated rape. Punishment was assessed at 20 years confinement.

Appellant's court-appointed attorney, the Honorable Barry O'Keefe, has filed a tenth request for extension of time to file the appellant's brief. On May 13, this Court granted appellant's ninth motion to extend time to file appellant's brief with instructions that no further extensions of time would be entertained. That time limit expired May 20, 1982.

Absent a showing of extraordinary circumstances, this Court will deny motions to extend time to file briefs after appellant has been instructed that no further extensions will be entertained. Accordingly, appellant's tenth motion to extend time to file his brief is denied.

In *Guillory v. State,* 557 S.W.2d 118 (Tex. Cr. App. 1977) and *Talley v. State,* 593 S.W.2d 702 (Tex. Cr. App. 1980), the Court outlined options available to the Court when no brief is filed. Alternatives discussed include:

1. Commanding counsel to file a brief within a specified period of time and if he fails to do so issue an order requiring counsel to show cause why he should not be held in contempt.
2. Report counsel to appropriate grievance committee.
3. Relieve the attorney and appoint an attorney who will act as an advocate.
4. Direct trial judge to see that the attorney receives no further appointments to represent indigents in his court.

*Guillory* and *Tally* were decided prior to this court's acquisition of appellate jurisdiction in criminal cases. However, the same options are available to this court.

It is therefore ORDERED that the judge of the 230th District Court of Harris County, the Honorable Joe Kegans, remove the Honorable Barry O'Keefe as counsel for the appellant and appoint another attorney to represent the appellant on this appeal. It is further ordered that the brief be filed in this case within 30 days of this order.

The appeal is abated.

On Motion for Rehearing

On June 3, 1982, the court abated this appeal and ordered the Honorable Judge Joe Kegans of Harris County to remove the Honorable Barry O'Keefe as counsel for the appellant and to appoint another attorney to represent the appellant on the appeal. The day the opinion was issued, Attorney O'Keefe attempted to file his brief in this case. The brief was marked received but not filed. On June 8, 1982 he filed a motion for rehearing.

In the interest of justice and to avoid further delay, we grant the motion for rehearing and direct that the Honorable Trial Judge reinstate the said Barry O'Keefe as counsel of record for the appellant. We further order the clerk of this court to file the brief he has prepared on behalf of the appellant. The appellate timetable for the filing of the State's brief will begin on June 24, 1982.