**Donald Ray OWENS, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 07–94–0331–CR.

Court of Appeals of Texas,
Amarillo.

Aug. 22, 1995.

Law Offices of Alex Vasquez, Alex Vasquez, Amarillo, for appellant.

Potter County District Attorney, Rebecca King, Acting District Attorney, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

PER CURIAM.

### ABATEMENT AND REMAND

Appellant, Donald Ray Owens, was convicted of aggravated sexual assault. Punishment was assessed at 10 years confinement in the Texas Department of Criminal Justice, Institutional Division.

### Procedural History

After the jury found appellant guilty of the above mentioned offense, judgment was signed on August 17, 1994. After moving unsuccessfully for a new trial, appellant then timely filed his notice of appeal on November 9, 1994. On December 6, 1994, this Court informed appellant that the transcript had been received and filed in this appeal but that no statement of facts had been received. This Court further informed appellant that such record was due to be filed no later than December 9, 1994. On December 8, 1994, the statement of facts was received and filed in this appeal.

On January 9, 1995, appellant's attorney, Alex Vasquez, filed a motion to extend the time for filing appellant's brief. This Court granted the motion on January 11, 1995, and informed appellant's counsel that the brief was due to be filed no later than February 8, 1995. On February 8, 1995, attorney Vasquez filed his second motion to extend the time for filing appellant's brief. This motion was also granted thereby giving appellant's counsel until March 3, 1995, to file such brief. On March 2, 1995, attorney Vasquez filed his third motion to extend the time for filing appellant's brief. The Court also granted this motion and informed appellant's counsel the appellant's brief was due to be filed no later than March 31, 1995. On March 31,

1995, attorney Vasquez filed a motion to withdraw as counsel for appellant because of the press of business and to pursue his civil practice. The Court, however, denied appellant's motion. The Court informed attorney Vasquez that appellant's brief needed to be filed immediately along with a motion permitting late filing of same. No response has been received to date.

Therefore, we now abate this appeal, and remand the cause to the trial court for further proceedings pursuant to Rule 74(*l*)(2) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine whether appellant desires to prosecute this appeal. In the event that appellant does so desire, the trial court shall then determine:

1. Whether appellant was deprived of a brief because of ineffective assistance of counsel or for some other reason;

2. Whether attorney Vasquez shall be permitted to continue with the appeal or new counsel appointed; and

3. Whether attorney Vasquez failed to comply with this Court's April 17, 1995 order directing him to immediately file an appellant's brief, and if not, whether his failure to comply was intentional and/or knowing.

In the event the trial court determines that appellant still desires to prosecute this appeal but has been deprived of reasonably effective assistance of counsel, the court shall take such steps as are necessary to secure appellant a meaningful appeal. If appropriate, the trial court may appoint new counsel to represent appellant on appeal, on the condition that appellant is found indigent. In that event, the trial court shall notify this Court of the name and address of the new counsel.

If the trial court deems them appropriate, it may impose sanctions against appellant's counsel for failing to discharge the obligations of his appointment to the detriment of appellant's appeal. *See* Tex. Govt. Code Ann. § 21.001 (Vernon 1988); *Guillory*

*v. State*, 557 S.W.2d 118, 121 (Tex.Crim.App. 1977).

Following the hearing, the trial court shall make and file findings of fact and conclusions of law, together with any appropriate orders. The court shall also cause a transcription of the hearing to be prepared. A supplemental transcript which includes the court's findings and conclusions, if any, as well as all orders entered, and the transcription of the hearing shall be submitted to this Court no later than September 29, 1995. Should additional time be needed to comply, the trial court must provide this Court with a written, reasonable explanation for same on or before September 29, 1995.

### Referral to the Office of the Chief Disciplinary Counsel

Notice of Appeal was filed in this Court on November 9, 1994. Since that time, this Court has demonstrated great patience with appellant's counsel. However, we believe that we have an obligation to report counsel's conduct in this appeal to the appropriate disciplinary authority. *See* Tex. Disciplinary R. Prof. Conduct 8.03(a) (1989), *reprinted in* Tex. Gov't. Code Ann., tit. 2, subtit. G App. (Vernon Supp.1995) (State Bar Rules art. x, § 9). Accordingly, we direct our clerk to certify a record of this cause in our Court, consisting of the following:

1. Letter dated December 6, 1994, informing counsel that the transcript had been filed and that the statement of facts had not been received.

2. Letter dated December 8, 1994, informing counsel that the statement of facts had been filed.

3. Motion filed January 9, 1995, to extend time for filing appellant's brief.

4. Letter dated January 11, 1995, informing counsel that the motion had been granted and the time for filing the brief extended to February 8, 1995.

5. Motion filed February 8, 1995, to extend time for filing appellant's brief.

6. Letter dated February 15, 1995, informing counsel that above motion had been granted and the time for filing the brief extended to March 3, 1995.

7. Motion filed March 2, 1995, to extend time for filing appellant's brief.

8. Letter dated March 9, 1995, informing counsel that above motion had been granted and the time for filing the brief extended to March 31, 1995.

9. Motion filed March 31, 1995, to withdraw as counsel for appellant.

10. Letter dated April 17, 1995, informing counsel that above motion had been denied and appellant's brief needed to be filed immediately along with a motion permitting late filing of same.

The clerk is directed to forward the material, under seal, to the Office of the Chief Disciplinary Counsel for its consideration with a copy of this order, and a request to determine whether in ignoring the April 17, 1995 deadline and otherwise delaying prosecution of this appeal, counsel for the appellant violated the Code of Professional Responsibility and other applicable regulatory rules.

Due Process and Justice demands litigation reach conclusion. Inappropriate and continuous delays by counsel of the system obstructs justice and lends credence to arguments of the lack of justice not only for appellant but for the State of Texas, the victim and society.