**Karen Denise FAULKNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–94–0239–CR.**

Court of Appeals of Texas,
Amarillo.

Nov. 8, 1995.

Law Offices of L. Van Williamson, L. Van Williamson, Amarillo, for appellant.

Potter County District Attorney, Rebecca King, Bruce Sadler, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

## ABATEMENT AND REMAND

PER CURIAM.

Appellant, Karen Denise Faulkner, was convicted of theft by appropriation, enhanced. Punishment was assessed at 30 years confinement in the Texas Department of Criminal Justice, Institutional Division.

### Procedural History

After the jury found appellant guilty of the above mentioned offense, judgment was signed on July 13, 1994. Appellant then timely filed her notice of appeal on July 20, 1994. On August 3, 1994, this Court informed appellant that the transcript had been received and filed in this appeal but that no statement of facts had been received. This Court further informed appellant that such record was due to be filed no later than August 29, 1994. On August 17, 1994, the statement of facts was received and filed in this appeal.

On November 17, 1994, this Court informed appellant's attorney, L. Van Williamson, that appellant's brief was due to be filed not later than September 16, 1994, and requested an explanation as to why counsel failed to comply with the deadline. On November 23, 1994, appellant's attorney filed a motion to extend the time for filing appellant's brief. This Court granted the motion on November 23, 1994, and informed appellant's counsel that the brief was due to be filed no later than December 23, 1994. On December 22, 1994, attorney Williamson filed his second motion to extend the time for filing appellant's brief. This motion was also granted thereby giving appellant's counsel until January 22, 1995, to file such brief. On January 23, 1995, attorney Williamson filed his third motion to extend the time for filing appellant's brief. The Court also granted this motion and informed appellant's counsel the appellant's brief was due to be filed no later than February 8, 1995, with the admonition that no further extensions would be entertained absent extreme and unusual circumstances. On March 7, 1995, attorney Williamson filed his fourth motion to extend the time for filing appellant's brief inasmuch as he allegedly discovered that the transcript

and statement of facts from Cause No. 32,-826–E were necessary to complete appellant's brief. The Court then informed Cindy Groomer, Potter County District Clerk, to prepare and forward to this Court a transcript in Cause No. 32,826–E. The Court also informed Karen Morris, 108th Official Court Reporter, to prepare and forward to this Court a statement of facts in Cause No. 32,826–E. On April 14, 1995, a supplemental transcript and statement of facts were filed with this Court. On August 16, 1995, this Court sua sponte filed Excerpt Statement of Facts (Motion For Discovery and Inspection) and directed the appellant to file a brief on or before September 15, 1995, with no further extensions to be granted. No brief has been received to date.

Therefore, we now abate this appeal, and remand the cause to the trial court for further proceedings pursuant to Rule 74(*l*)(2) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine whether appellant desires to prosecute this appeal. In the event that appellant does so desire, the trial court shall then determine:

1. Whether appellant was deprived of a brief because of ineffective assistance of counsel or for some other reason;
2. Whether attorney Williamson shall be permitted to continue with the appeal or new counsel appointed; and
3. Whether attorney Williamson failed to comply with this Court's August 16, 1995 order directing him to file an appellant's brief on or before September 15, 1995, and if not, whether his failure to comply was intentional and/or knowing.

In the event the trial court determines that appellant still desires to prosecute this appeal but has been deprived of reasonably effective assistance of counsel, the court shall take such steps as are necessary to secure appellant a meaningful appeal. If appropriate, the trial court may appoint new counsel to represent appellant on appeal, on the condition that appellant is found indigent. In that event, the trial court shall notify this Court of the name and address of the new counsel.

If the trial court deems them appropriate, it may impose sanctions against appellant's counsel for failing to discharge the obligations of his appointment to the detriment of appellant's appeal. *See* Tex.Govt.Code Ann. § 21.001 (Vernon 1988); *Guillory v. State,* 557 S.W.2d 118, 121 (Tex.Crim.App. 1977).

Following the hearing, the trial court shall make and file findings of fact and conclusions of law, together with any appropriate orders. The court shall also cause a transcription of the hearing to be prepared. A supplemental transcript which includes the court's findings and conclusions, if any, as well as all orders entered, and the transcription of the hearing shall be submitted to this Court no later than December 1, 1995. Should additional time be needed to comply, the trial court must provide this Court with a written, reasonable explanation for same on or before December 1, 1995.

### Referral to the Office of the Chief Disciplinary Counsel

Notice of Appeal was filed in this Court on July 20, 1994. Since that time, this Court has demonstrated great patience with appellant's counsel. Indeed, numerous deadlines were extended at his behest. In return for the court's cooperation, counsel has apparently decided to flaunt the rules of procedure and ignore the court's final deadline. Consequently, we believe it necessary to report counsel's conduct to the appropriate disciplinary authority. *See* Tex. Disciplinary R. Prof. Conduct 8.03(a) (1989), *reprinted in* Tex. Gov't.Code Ann., tit. 2, subtit. G app. (Vernon Supp.1995) (State Bar Rules art. x, § 9). Accordingly, we direct our clerk to certify a record of this cause in our Court, consisting of the following:

1. Letter dated August 3, 1994, informing counsel that the transcript had been filed and that the statement of facts had not been received.
2. Letter dated August 17, 1994, informing counsel that the statement of facts had been filed.

3. Letter dated November 17, 1994, informing counsel that the appellant's brief was due September 16, 1994, and requesting a response satisfactorily explaining the absence of said appellant's brief.

4. Motion filed November 23, 1994, to extend time for filing appellant's brief.

5. Letter dated November 23, 1994, informing counsel that the motion had been granted and the time for filing the brief extended to December 23, 1994.

6. Motion filed December 22, 1994, to extend time for filing appellant's brief.

7. Letter dated December 27, 1994, informing counsel that above motion had been granted and the time for filing the brief extended to January 22, 1995.

8. Motion filed January 23, 1995, to extend time for filing appellant's brief.

9. Letter dated January 25, 1995, informing counsel that above motion had been granted and the time for filing the brief extended to February 8, 1995, with the admonition that no further extensions would be entertained absent extreme and unusual circumstances.

10. Motion filed March 7, 1995, to supplement the record.

11. Motion filed March 7, 1995, to extend time for filing appellant's brief due to the discovery that the transcript and statement of facts in Cause No. 32,-826–E needed to be prepared in order to complete appellant's brief.

12. Letter dated March 9, 1995, informing counsel that Motion To Supplement the Record had been received and filed.

13. Letter dated March 23, 1995, informing counsel that motion to supplement the record had been granted and the Potter County District Clerk's office and 108th Official Court Reporter is directed to prepare and forward the transcript and statement of facts in Cause No. 32,826–E to this Court.

14. Letter dated August 16, 1995, informing counsel that the Court sua sponte filed Excerpt Statement of Facts (Motion For Discovery and Inspec-

tion) and directing that appellant's brief is due on or before September 15, 1995, with no further extensions to be granted.

The clerk is directed to forward the material, under seal, to the Office of the Chief Disciplinary Counsel for its consideration with a copy of this order, and a request to determine whether in ignoring the September 15, 1995 deadline and otherwise delaying prosecution of this appeal, counsel for the appellant violated the Code of Professional Responsibility and other applicable regulatory rules.