NO. 07-11-0240-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 12, 2012

_____

SILVERIO HERNANDEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2674; HONORABLE GORDON H. GREEN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Silverio Hernandez, Jr., was convicted by a jury of aggravated assault with an affirmative finding on use of a deadly weapon. Punishment was assessed by the jury at ten years confinement and a $5,000 fine. Both the clerk's record and reporter's record have been filed. Appellant's brief was due to be filed on October 12, 2011. After an extension of time in which to file the brief was granted to November 2, 2011, the brief was not filed. By letter dated November 9,

2011, appointed counsel was advised that the brief remained outstanding and he was granted until November 21, 2011, in which to file the brief, noting that failure to comply might result in abatement of the appeal and remand of the cause to the trial court for further proceedings. Counsel has not communicated with the Clerk of this Court regarding this appeal and Appellant's brief is still due.

Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately determine why counsel has failed to file Appellant's brief and take such action as is necessary to ensure that the brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before, January 23, 2012, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing to determine the following:

1. whether Appellant desires to prosecute the appeal;

2. whether Appellant remains indigent and is entitled to appointed counsel; and

3. whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex.Crim.App. 1977).[1]

---

[1]The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Id.* at 121. The trial judge has the authority to require appointed counsel to file a brief on appellant's behalf. *Id.*

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by February 13, 2012. If new counsel is appointed, Appellant's brief shall be due thirty days after the date of appointment; however, should James B. Johnston be allowed to remain as appointed counsel, he is hereby ordered to file Appellant's brief on or before February 6, 2012.

It is so ordered.

Per Curiam

Do not publish.