NO. 07-11-0432-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 1, 2012

_____

BRIANN NICOLE WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19411-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

In 2009, pursuant to a plea bargain, Appellant, Briann Nicole Wilson, was convicted of tampering with evidence[1] and sentenced to ten years confinement, suspended in favor of four years community supervision. On July 13, 2011, the State filed a motion to revoke community supervision on the ground that Appellant had

---

[1]Tex. Penal Code Ann. § 37.10 (West 2011).

violated two conditions. Following a hearing on the State's motion, the trial court found the State's allegations to be true, revoked Appellant's community supervision, and sentenced her to eight years confinement. On October 14, 2011, Appellant timely perfected this appeal by filing a *Notice of Appeal* signed by Ronald T. Spriggs.[2] At the same time, Mr. Spriggs also filed a *Motion for New Trial and Motion in Arrest of Judgment* as well as a *Motion to Withdraw as Counsel.*

The appellate record has been filed and Appellant's brief was due on April 4, 2012. By letter dated April 11, 2012, this Court notified Appellant's counsel of that deficiency and advised him that failure to file a brief by April 23, 2012, might result in abatement of the appeal and remand of the cause to the trial court. Although no brief has since been filed, on April 20, 2012, the Clerk of this Court did receive a supplemental clerk's record containing an order signed by the trial court on January 30, 2012, purporting to grant Mr. Spriggs's earlier filed motion to withdraw.

Irrespective of whether the trial court has relieved Mr. Spriggs of his obligation to represent Appellant before that court, having filed a notice of appeal on Appellant's behalf, Mr. Spriggs became her lead counsel before this Court. *See* Tex. R. App. P. 6.1(a). Rule 6.5 of the Texas Rules of Appellate Procedure provides a specific method for withdrawing from representation of a party in an appellate court. *See* Tex. R. App. P. 6.5. Accordingly, if Mr. Spriggs wants to withdraw from representing Appellant before this Court, then he should follow those procedures. Having failed to have done so, he remains Appellant's attorney of record before this Court.

---

[2]Rule 6.1(a) of the Texas Rules of Appellate Procedure provides that the attorney whose signature first appears on the notice of appeal is lead counsel.

With that said, this Court still doesn't have a brief filed on behalf of Appellant. Consequently, we now abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1.    whether Appellant still desires to prosecute this appeal;
2.    the reasons for the delay in the filing of Appellant's brief;
3.    whether Mr.Spriggs intends to file a brief on Appellant's behalf;
4.    if Mr. Spriggs does not intend to file a brief on Appellant's behalf, whether she is indigent and entitled to court-appointed counsel.[3]

If the trial court finds that Mr. Spriggs intends to file a brief, he is hereby ordered to file Appellant's brief on or before May 14, 2012. Should the trial court determine that the appointment of counsel is necessary and that Appellant is indigent and otherwise entitled to appointed counsel, the trial court shall enter an appropriate order stating the name, mailing address, telephone number, fax number, and State Bar of Texas identification number of appointed counsel. If counsel is appointed, the trial court shall direct counsel to appropriately designate lead counsel in accordance with Rule 6.1(c) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 6.1(c). Under those circumstances, Appellant's brief shall be due thirty days after the date of appointment.

Irrespective of whether new counsel is appointed, the trial court is hereby ordered to execute an order containing its findings of fact and conclusions of law and

---

[3]The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory v. State*, 557 S.W.2d 118, 120 (Tex.Crim.App. 1977) (citing *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)). Effective assistance of counsel on appeal cannot be afforded without filing a brief on appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on appellant's behalf. *Id.*

shall cause that order and any other order to be filed with the Clerk of this Court on or before May 31, 2012.

It is so ordered.

Per Curiam

Do not publish.