NO. 07-12-0210-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 25, 2012

_____

ALVARADO SOCORRO GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 4461; HONORABLE STUART MESSER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Pursuant to a guilty plea, on April 27, 2010, Appellant, Alvarado Socorro Gonzalez, was granted deferred adjudication and placed on community supervision for possession of heroin in an amount of 400 grams or more.[1] In 2012, the State filed a motion to proceed for numerous violations of the terms and conditions of community supervision, to which Appellant entered a plea of not true. Following a hearing, the trial

---

[1]Tex. Health & Safety Code Ann. § 481.115(f) (West 2010).

court granted the State's motion, revoked Appellant's community supervision and adjudicated him guilty of the charged offense. Sentence was imposed at fifty years confinement.

Both the clerk's record and reporter's record have been filed. Appellant's brief was due to be filed on September 28, 2012, but has not been filed. By letter dated October 11, 2012, appointed counsel, Ronald T. Spriggs, was advised that the brief remained outstanding and was granted until October 22, 2012, in which to file the brief, noting that failure to comply might result in abatement of the appeal and remand of the cause to the trial court for further proceedings. Counsel has not responded to the notice nor communicated with the Clerk of this Court regarding this appeal.

Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately determine why counsel has failed to file Appellant=s brief and take such action as is necessary to ensure that a brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before, November 16, 2012, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing to determine the following:

1. whether Appellant still desires to prosecute the appeal;

2

2. whether Appellant remains indigent and is entitled to appointed counsel; and

3. whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex.Crim.App. 1977).[2]

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by November 30, 2012. If new counsel is appointed, Appellant's brief shall be due thirty days after the date of appointment; however, should Mr. Spriggs be allowed to remain as appointed counsel, he is hereby ordered to file Appellant's brief instanter.

It is so ordered.

Per Curiam

Do not publish.

---

[2]The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*