NO. 07-12-0198-CR
NO. 07-12-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 15, 2013

_____


JEREMY HOUSTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY;

NOS. DC BK12118 PG4330 & DC BK12118 PG18238;
HONORABLE DAVID CRAIN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**ABATEMENT AND REMAND**


Following a plea of not guilty, Appellant, Jeremy Houston, was convicted by a jury of burglary of a habitation,[1] enhanced, and sentenced to thirty years confinement in cause number BK12118 PG4330. A jury also convicted him of attempted burglary of a

_____

[1]Tex. Penal Code Ann. § 30.02(a) West 2011).

habitation[2] and assessed a twenty year sentence in cause number BK12118 PG18238. Alexander Calhoun is Appellant's lead counsel in this appeal.[3]  Both the clerk's records and reporter's records have been filed.  Appellant's brief was due to be filed on December 6, 2012, but has not been filed.  By letter dated December 20, 2012, Mr. Calhoun was advised that the brief remained outstanding and was granted until January 2, 2013, in which to file the brief, noting that failure to comply might result in abatement of these appeals and remand of the causes to the trial court for further proceedings.

On January 14, 2013, counsel filed a motion to extend time in which to file Appellant's brief, requesting an additional sixty days.  As grounds for the delay and tardy response to this Court's December 20, 2012 letter, counsel provides a list of his pending appeals, some of which are currently overdue.  By Order of the Court, that motion is denied.  This Court's December 20th notice clearly provided that Appellant's already past-due brief was due no later than January 2, 2013.

Consequently, we now abate these appeals and remand the causes to the trial court for further proceedings.  Upon remand, the trial court shall immediately determine why counsel has failed to file Appellant=s brief and take such action as is necessary to ensure that the brief is filed in accordance with this opinion.

---

[2]*Id.* at § 15.01.

[3]Notice of Appeal was filed by Keith S. Hampton.  When the court reporter failed to timely file the reporter's record, we abated this appeal to the trial court to determine the reasons for the delay. According to Findings of Fact filed by the trial court, Hampton never requested the reporter's record nor made arrangements to pay for that record.  The trial court then found Appellant to be indigent and appointed Alexander Calhoun to represent him on appeal.  While this Court considers Calhoun to be Appellant's lead counsel, we note that Hampton has never moved to withdraw from these appeals as required by Rule 6.5 of the Texas Rules of Appellate Procedure, and is still an attorney of record responsible for filing a brief on Appellant's behalf.

Should counsel file Appellant's brief on or before February 4, 2013, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall <u>not</u> be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing to determine the following:

1.      whether Appellant still desires to prosecute these appeals;

2.      whether Appellant remains indigent and is entitled to new appointed counsel; and

3.      whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex.Crim.App. 1977).[4]

Should it be determined that Appellant does want to continue these appeals and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by March 11, 2013. If new counsel is appointed, Appellant's brief shall be due thirty days after the date of appointment; however, should Mr. Calhoun be allowed to remain as appointed counsel, he is hereby ordered to file Appellant's brief instanter.

---

[4]The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*

It is so ordered.

Per Curiam

Do not publish.