

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00515-CR

FRANK NAVARRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-436,251, Honorable Jim Bob Darnell, Presiding

June 18, 2013

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Frank Navarro, was convicted by a jury of driving while intoxicated, third or more,[1] and sentenced to ninety-nine years confinement. Both the clerk's record and reporter's record have been filed. Appellant's brief was due to be filed on May 17, 2013, but has not been filed. By letter dated May 23, 2013, counsel for appellant, D. Mark Skelton, was advised that the brief remained outstanding and was granted until June 3, 2013, in which to file the brief, noting that

---

[1] TEX. PENAL CODE ANN. § 49.09(b)(2) (WEST SUPP. 2012)

failure to comply might result in abatement of the appeal and remand of the cause to the trial court for further proceedings without further notice. Counsel has not responded to the notice nor communicated with the Clerk of this Court regarding this appeal.

Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately determine why counsel has failed to file Appellant's brief and take such action as is necessary to ensure that the brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before, June 24, 2013, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing on or before July 8, 2013, to determine the following:

1.    whether Appellant still desires to prosecute the appeal;

2.    whether Appellant remains indigent and is entitled to appointed counsel; and

3.    whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex.Crim.App. 1977).[2]

---

[2]The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by July 22, 2013. If new counsel is appointed, Appellant's brief shall be due thirty days after the date of appointment; however, should D. Mark Skelton be allowed to remain as appointed counsel, he is hereby ordered to file Appellant's brief instanter.

It is so ordered.

Per Curiam

Do not publish.