

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00520-CR
_____

ARMANDO VEJAR A/K/A ARMANDO VEJAR PENALOZA
A/K/A ARMANDO PENALOSA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 1081H, Honorable Roland Saul, Judge Presiding

July 18, 2013

## ORDER OF ABATEMENT

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Armando Vejar, a/k/a Armando Vejar Penaloza, a/k/a Armando Penalosa, was convicted by a jury of possession of less than one gram of cocaine[1] and sentenced to 300 days in a state jail facility, suspended in favor of four years community supervision, and a $1,500 fine which was not suspended.

_____

[1]Tex. Health & Safety Code Ann. § 481.115(b) (West 2010).

Sentence was imposed on October 29, 2012, and notice of appeal was filed on November 26, 2012.  The appellate record has been filed.  Appellant's brief was due to be filed on June 14, 2013, but has yet to be filed.  By letter dated June 26, 2013, counsel for Appellant, Steve Hall,[2] was advised that the brief remained outstanding and was granted until July 8, 2013, in which to file the brief, noting that failure to comply might result in abatement of the appeal and remand of the cause to the trial court for further proceedings without further notice.  Counsel has not responded to the notice nor communicated with the Clerk of this Court regarding this appeal.

Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall immediately determine why counsel has failed to file Appellant's brief and take such action as is necessary to ensure that the brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before, August 9, 2013, he is directed to immediately notify the trial court, in writing, of the filing, *whereupon the trial court shall not be required to take further action*.  If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to *conduct a hearing* to determine the following:

1.      whether Appellant still desires to prosecute the appeal;

2.      whether Appellant has been denied effective assistance of counsel and is entitled to new counsel; and

3.      whether Appellant is indigent and is entitled to appointed counsel or whether he intends to retain new counsel.

---

[2]By *Notice to Designate Lead Counsel* filed in this Court on June 17, 2013, Steve Hall, Appellant's retained counsel, indicated he would remain as Appellant's sole appellate attorney.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex.Crim.App. 1977).[3]

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is either entitled to appointed counsel or intends to retain new counsel, the name, address, telephone number, and state bar number of said counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by August 30, 2013. If new counsel is appointed or he retains new counsel, Appellant's brief shall be due thirty days after the date of appointment or appearance; however, should Steve Hall be allowed to remain as counsel, he is hereby ordered to file Appellant's brief instanter.

It is so ordered.

Per Curiam

Do not publish.

---

[3]The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*