

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00360-CR
_____

SHELLY BLAIR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2014-401,146; Honorable William R. Eichman II, Presiding

April 1, 2015

ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Shelly Blair, was convicted by a jury of aggravated assault against a public servant[1] with an affirmative finding on use of a deadly weapon. The trial court[2] assessed punishment at fifty years confinement and Appellant perfected this appeal.

_____

[1] TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West 2011). Aggravated assault is a second degree felony that is elevated to a first degree felony when committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. *Id.*

[2] Honorable Brad Underwood and Honorable Cecil Puryear (Ret.) sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a)(3) (West 2013).

Both the clerk's record and reporter's record have been filed. Appellant's brief was due to be filed on March 2, 2015, but has yet to be filed. By letter dated March 10, 2015, retained counsel for appellant, Jesse Mendez,[3] was advised that the brief remained outstanding and was granted until March 20, 2015, in which to file the brief, noting that failure to comply would result in this appeal being abated and the cause being remanded to the trial court for further proceedings without further notice. Counsel has not responded to the notice nor communicated with the Clerk of this Court regarding this appeal.

Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately determine why counsel has failed to file Appellant's brief and take such action as is necessary to ensure that the brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before April 20, 2015, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing on or before May 1, 2015, to determine the following:

1.     whether Appellant still desires to prosecute the appeal; and

2.     whether retained counsel has abandoned the appeal entitling Appellant to new counsel.

_____

[3] Appellant was represented by court-appointed counsel. By order dated February 13, 2015, the trial court granted Appellant's motion to substitute Mr. Mendez as retained counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).[4]

Should it be determined that Appellant does want to continue the appeal and the trial court determines she is entitled to new counsel, the name, address, telephone number, and State Bar of Texas identification number of new counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by June 15, 2015. New counsel, if any, shall file Appellant's brief thirty days after the date of engagement or appointment; however, should Jesse Mendez be allowed to remain as counsel, he is hereby ordered to file Appellant's brief instanter.

It is so ordered.

Per Curiam

Do not publish.

---

[4]The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed.2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*