

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00351-CR
No. 07-15-00352-CR
_____

**JEREMY CHAD BRAUN, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 181st District Court
Potter County, Texas
Trial Court Nos. 69,062-B & 69,063-B; Honorable John B. Board, Presiding

May17, 2016

## ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Jeremy Chad Braun, was convicted of unlawful possession of a firearm[1] in cause number 69,062-B and possession with intent to deliver a controlled substance in a drug free zone,[2] enhanced, in cause number 69,063-B. Punishment was

---

[1] TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.134(e)(1) (West Supp. 2015).

assessed at ten years confinement as to the unlawful possession of a firearm case and seventy years confinement as to the possession with intent to deliver a controlled substance case. The two sentences were ordered to run consecutively. The clerk's record and reporter's record have been filed in both appeals. Appellant's briefs were originally due on February 12, 2016. This court subsequently granted Appellant two extensions to file his briefs, thereafter due April 13, 2016. When Appellant did not file his briefs by this deadline, the court advised appointed counsel, Mr. Darrell R. Carey, by letter dated April 20, 2016, that the briefs remained outstanding and he was granted until May 2, 2016, in which to file the briefs accompanied by a motion for extension of time. The letter also noted that failure to comply would result in the appeals being abated and the causes being remanded to the trial court for further proceedings without further notice. Counsel did not file Appellant's briefs nor has he communicated further with this court.

Because counsel has not complied with our request of April 20, we now deem it appropriate to abate these appeals and remand the causes to the trial court for further proceedings. Upon remand, the trial court shall determine why counsel has failed to file Appellant's briefs and take such action as is necessary to ensure that the briefs are filed in accordance with this opinion.

Should counsel file Appellant's briefs on or before May 27, 2016, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the briefs are not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial

court is directed to conduct a hearing on or before June 24, 2016, to determine the following:

    1.     whether Appellant still desires to prosecute the appeals;

    2.     whether Appellant's present counsel has abandoned the appeals entitling Appellant to new counsel; and

    3.     whether Appellant is indigent and entitled to the appointment of counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).[3]

Should it be determined that Appellant wants to continue the appeals and the trial court determines he is indigent and entitled to appointed counsel, the name, address, telephone number, and State Bar of Texas identification number of new counsel shall be provided to the clerk of this court. The trial court shall execute findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in supplemental clerk's records to be filed with the clerk of this court by July 29, 2016. New counsel, if any, shall file Appellant's briefs thirty days after the date of engagement or appointment; however, should Mr. Carey be allowed to remain as counsel, he is hereby ordered to file Appellant's briefs instanter.

It is so ordered.

Per Curiam

Do not publish.

---

[3] The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*