

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00246-CR
No. 07-16-00247-CR
No. 07-16-00248-CR
No. 07-16-00249-CR
No. 07-16-00250-CR

_____

ALLEN ODONALD NASH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Court No. 14-12-13270-CR (Counts I, II, III, IV & V);
Honorable Suzanne Stovall, Presiding

March 29, 2017

ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant was convicted of five counts of aggravated sexual assault of a child,[1] and sentenced to life imprisonment. Following entry of a judgment as to each count, Appellant indicated a desire to appeal and appellate counsel was appointed. Appointed

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B) (West Supp. 2016).

counsel, however, never filed a notice of appeal. Appellant subsequently sought an out-of-time appeal from the Court of Criminal Appeals, which relief was granted on May 31, 2016.[2] On June 13, 2016, Appellant filed his *pro se* notice of appeal.[3] Appellate counsel was subsequently appointed.

Appellant's brief was originally due on November 9, 2016, but was not filed. On December 9, 2016, we abated the appeals and remanded the causes to the trial court. At a hearing on January 19, 2017, the trial court offered to appoint Appellant new counsel, stating: "[w]hoever I do appoint on your case, if you want me to appoint a different lawyer, I'll stay on top of it and make sure they file something." Although Appellant expressed some concern about Mr. Bartlett continuing to prosecute his appeal, he eventually requested that Mr. Bartlett remain as appointed counsel. Thus, the trial court allowed Mr. Bartlett to continue as Appellant's appointed counsel, but admonished him: "[p]lease keep me updated about how you're proceeding on the appeal and so I can fulfill my promise to Mr. Nash." Mr. Bartlett agreed to do so.

The appeals were reinstated on this court's docket on January 20, 2017, and Appellant's brief was once again due on February 21, 2017. When Mr. Bartlett failed to file Appellant's brief, this court advised him, by a letter dated February 28, 2017, that the brief remained outstanding and he was granted until March 10, 2017, in which to file the brief accompanied by a motion for extension of time. The letter also noted that if he failed to comply we would once again abate the appeals and remand the causes to the

---

[2] In its order, the Court of Criminal Appeals directed the trial court to determine, within ten days, whether Appellant was indigent and desired to be represented by counsel. If so, the trial court was to immediately appoint counsel for Appellant. The record before us is silent on whether the trial court made these determinations, but it does not reflect appointment of new appellate counsel.

[3] These appeals were transferred to this Court from the Ninth Court of Appeals pursuant to a docket equalization order entered by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We have applied precedent from that court where applicable. See TEX. R. APP. P. 41.3.

trial court for further proceedings without further notice. Notwithstanding our reminder, counsel has not filed Appellant's brief and has had no communication with this court.

Because counsel has not fulfilled his obligations to his client, the trial court, or this court, we now deem it appropriate to once again abate this matter and remand the causes to the trial court for further proceedings. Upon remand, the trial court shall determine why counsel has failed to file Appellant's brief, despite the trial court's admonition and this court's order to do so, and shall take such action as is necessary to ensure a brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before April 14, 2017, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing on or before April 28, 2017, to determine the following:

1. whether Appellant still desires to prosecute these appeals;

2. whether Appellant's present counsel has abandoned the appeals by failing to timely file a brief, and

3. whether Appellant is indigent and entitled to the appointment of new counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).[4]

---

[4] The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial court has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*

Should it be determined that Appellant wants to continue the appeals and that he is indigent and entitled to newly-appointed counsel, the name, address, email address, telephone number, and State Bar of Texas identification number of counsel shall be provided to the clerk of this court. The trial court shall execute findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the clerk of this court by May 12, 2017. Newly-appointed counsel, if any, shall file Appellant's brief thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.