

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00428-CR
_____

FRANCISCO LIRA LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242th District Court
Hale County, Texas
Trial Court No. B19596-1401; Honorable Kregg Hukill, Presiding

May 1, 2019

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Francisco Lira Lopez, appeals the trial court's judgment adjudicating him guilty of the offense of assault of a public servant,[1] sentencing him to five years confinement, and assessing a $1,000 fine. We previously remanded this cause to the trial court to appoint substitute counsel after the death of Appellant's court-appointed counsel. After

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(1) (West 2019).

a hearing, the trial court determined that Appellant had retained Mr. Garrick A. Farria as counsel. We reinstated the appeal and Appellant's brief was due April 5, 2019. By letter of April 12, we notified Appellant's counsel that the brief was overdue and admonished him that failure to file a brief by April 22 would result in the cause being remanded to the trial court for further proceedings without further notice. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant's counsel made no response to the court's letter.

Because counsel has not complied with our April 12 letter, we deem it appropriate to abate the appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall determine why counsel has failed to file Appellant's brief and take such action as is necessary to ensure that the brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before May 3, 2019, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall <u>not</u> be required to take further action. If, however, the brief is not filed by that date, the trial court is directed to conduct a hearing pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure on or before May 24, 2019, to determine the following:

1. whether Appellant still desires to prosecute the appeal;

2. whether Appellant's present counsel has abandoned the appeal entitling Appellant to new counsel; and

3. whether Appellant is indigent and entitled to the appointment of counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).[2]

Should it be determined that Appellant wants to continue the appeal, is indigent, and entitled to appointed counsel, the name, address, email address, telephone number, and State Bar of Texas identification number of any new counsel shall be provided to the clerk of this court. The trial court shall execute findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the clerk of this court by June 21, 2019. New counsel, if any, shall file Appellant's brief thirty days after the date of engagement or appointment; however, should Mr. Farria be allowed to remain as counsel, he is hereby ordered to file Appellant's brief instanter.

It is so ordered.

Per Curiam

Do not publish.

---

[2] The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*