

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00126-CR

_____

DUSTIN MERLE WHALEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 70-323-A; Honorable Dan L. Schaap, Presiding

October 5, 2016

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Dustin Merle Whaley, was convicted of evading arrest or detention using a vehicle while in flight, a third degree felony,[1] sentenced to six years imprisonment, and assessed a fine of $500. Notice of appeal was timely filed by Appellant's court-appointed counsel. The clerk's record and reporter's record have

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2016).

been filed. Appellant's brief was originally due on September 8, 2016. When Appellant did not file his brief by this deadline, the court advised appointed counsel, Mr. L. Van Williamson, by letter dated September 15, 2016, that the brief remained outstanding and he was granted until September 26, 2016, in which to file the brief accompanied by a motion for extension of time. The letter also noted that failure to comply would result in the appeal being abated and the cause being remanded to the trial court for further proceedings without further notice. Notwithstanding our reminders, counsel has not filed Appellant's brief nor has he filed a motion for extension of time.[2]

Because counsel has not complied with our request of September 15, we now deem it appropriate to abate the appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall determine why counsel has failed to file Appellant's brief and take such action as is necessary to ensure that the brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before October 14, 2016, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not filed by that date, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing on or before October 28, 2016, to determine the following:

1.      whether Appellant still desires to prosecute the appeal;

---

[2] On October 5, 2016, counsel verbally communicated with this court that he had not been paid and that he would be speaking with the trial judge before filing a motion for extension of time to file a brief.

2.  whether Appellant's present counsel has abandoned the appeal entitling Appellant to new counsel; and

3.  whether Appellant is indigent and entitled to the appointment of counsel.

*See Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).[3]

Should it be determined that Appellant wants to continue the appeal and the trial court determines he is indigent and entitled to appointed counsel, the name, address, email address, telephone number, and State Bar of Texas identification number of new counsel shall be provided to the clerk of this court. The trial court shall execute findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the clerk of this court by November 4, 2016. New counsel, if any, shall file Appellant's brief thirty days after the date of engagement or appointment; however, should Mr. Williamson be allowed to remain as counsel, he is hereby ordered to file Appellant's brief instanter.

It is so ordered.

Per Curiam

Do not publish.

---

[3] The trial court has a duty under the Texas and federal Constitutions to provide an indigent defendant with the effective assistance of counsel on appeal. *Guillory*, 557 S.W.2d at 120 (citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963)). Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *Guillory*, 557 S.W.2d at 121. The trial judge has the authority to require appointed counsel to file a brief on behalf of an appellant. *Id.*